UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| JARED CANTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-112-KAC-SKL |
| ) | |
| MARION COUNTY, a local public entity; ) | |
| SHERIFF RONNIE "BO" BURNETTE, ) | |
| Individually and in his Official Capacity; ) | |
| DOES #1-10, Individually and in their ) | |
| Official Capacities; ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Jared Cantrell's motion to amend his complaint, which was filed with a supporting brief [Doc. 30 & Doc. 31]. Defendants Marion County and Sheriff Ronnie Burnette filed both a response and a brief in opposition to the motion [Doc. 34 & Doc. 35]. Plaintiff did not file a reply in support of his motion and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. For the reasons stated below, I recommend that Plaintiff's motion to amend the complaint be denied.

**I.  BACKGROUND**[1]

The events underlying this civil rights lawsuit took place May 20-21, 2020. At all relevant times, Plaintiff had a history of serious medical conditions, and "control of his blood sugar [was] of the utmost importance." [Doc. 1 at Page ID # 4, ¶ 16]. On the night of May 20, Plaintiff's mother, Melissa Cantrell, became concerned about Plaintiff's well-being after speaking to him on

---

[1] The background facts about the incident at issue are taken from the original complaint.

the telephone. Eventually she called 911, and an ambulance was dispatched to Plaintiff's residence in Marion County.

Apparently because Ms. Cantrell informed the 911 operator that there were guns in Plaintiff's residence, the Marion County Sheriff's Department ("MCSD") was also alerted and a SWAT team was dispatched to Plaintiff's residence. After some back and forth between Plaintiff, Plaintiff's parents (who also drove to Plaintiff's residence after calling 911), and MCSD officers, Plaintiff was allowed to leave his residence and get into the ambulance. Shortly thereafter, however, the MCSD officers decided to "dismiss the ambulance" and bring Plaintiff to the jail instead [*id.* at Page ID # 6, ¶ 32].

Nevertheless, by 2:20 a.m. on May 21, Ms. Cantrell was informed by Parkridge Hospital that Plaintiff was being admitted to its intensive care unit. At some point during his stay at Parkridge, the Cantrells understood Plaintiff was not receiving appropriate treatment. They were allowed (by hospital staff), to pick Plaintiff up. They took Plaintiff to a different hospital where he was admitted and received treatment before returning home, "with his condition much improved and almost back to normal." [*Id.* at Page ID # 8, ¶ 42].

A year later, Plaintiff filed suit for alleged violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. He named Marion County and Sheriff Ronnie Burnette as defendants. He also listed "DOES ##1-10," as placeholders for the officers of the MCSD who were involved in the incident with Plaintiff. Prior to Plaintiff filing suit, Ms. Cantrell made a Freedom of Information Act ("FOIA") request for certain information pertaining to Plaintiff in an effort to "determine the names and identities" of the deputy named as "DOES ##1-10" [Doc. 31 at Page ID # 129-30]. In her FOIA request, Ms. Cantrell sought:

> All communications and records, including electronic, regarding Jared Tristan Cantrell beginning on May 20, 2020. This includes,

> but is not limited to, all communication between Marion County employees and any medical facilities in the Parkridge system (or any other medical facility/hospital/medical provider) and any subsequent communication between Marion County, TN employees and any medical facility/hospital/medical provider.

[Doc. 30-3]. The FOIA request was submitted to "County Mayor David Jackson" and "County Clerk and Master Paige Mashburn." [*Id.*]. On March 4, 2021, Ms. Mashburn responded to the FOIA request, and indicated that "No such record(s) exist." [Doc. 34-5 at Page ID # 235].

Over a year after Ms. Mashburn's response to the FOIA request, Plaintiff filed the instant motion to amend his complaint on July 20, 2022. The proposed amended complaint seeks to add 13 previously unnamed persons, whom Plaintiff refers to collectively as the "Deputy Defendants" [Doc. 30-1 at Page ID # 111, ¶ 12].[2]

## II.    STANDARDS

Federal Rule of Civil Procedure 15 directs that, where an amendment is not made as a matter of course, as here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Denial of leave to amend may nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As relevant here, the "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d

---

[2] Changes necessary to identify and add the "Deputy Defendants" as parties appear to be the only proposed amendments to the original complaint. I will also refer to these proposed parties as the "Deputy Defendants."

505, 512 (6th Cir. 2010) (internal quotation marks and citation omitted); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 422 (6th Cir. 2000) (explaining that a claim "is not necessarily futile even if [it] may ultimately be dismissed on a motion for summary judgment").

## III. ANALYSIS

Plaintiff acknowledges that his proposed claims against the Deputy Defendants accrued no later than May 21, 2020, and that his claims are subject to a one-year statute of limitations.[3] The original complaint was filed on May 21, 2021. The instant motion to amend was filed July 20, 2022, more than two years after Plaintiff's claims accrued.

Defendants contend Plaintiff's motion should be denied because his proposed claims against the Deputy Defendants are untimely under the applicable statute of limitations, making the proposed amendment futile. Plaintiff did not file a reply to directly address the arguments raised by Defendants. However, in his motion and supporting brief, Plaintiff includes arguments concerning notice and due diligence.

True, a proposed amendment to a pleading that seeks to change the party against whom claims are asserted, relates back to the date of the original pleading so long as "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). However, "Sixth Circuit precedent clearly holds that new parties may not be added

---

[3] All parties acknowledge that Plaintiff's § 1983 claims are subject to a one-year statute of limitations. They do not specifically address the statute of limitations for Plaintiff's § 1985 claims, but such claims are likewise subject to a one-year statute of limitations. *See Mitchell v. Taylor*, No. 16-6335, 2018 WL 4162255, at *2 (6th Cir. Apr. 16, 2018) (holding Tennessee plaintiff's claims under §§ 1983 & 1985 are subject to one-year statute of limitations); *see also Gentry v. Tenn. Bd. of Judicial Conduct*, No. 17-6171, 2018 WL 11339111, at *3 (6th Cir. Mar. 26, 2018) (same).

4

after the statute of limitations has run, and [ ] such amendments do not satisfy the 'mistaken identity' requirement" of Rule 15. *Rayfield v. City of Grand Rapids*, 768 F. App'x 495, 502 (6th Cir. 2019) (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)).

"Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox*, 75 F.3d at 240; *see also Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." (citations omitted)). Put another way, Rule 15(c) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." *Id.* (further noting this approach "is consistent with the holdings of every other circuit on this issue" and citing cases).

In short, if Plaintiff's proposed amended complaint does not relate back to the date he filed his original complaint, as argued by Plaintiff, then his claims against the Deputy Defendants are time-barred and his proposed amendment is futile, as argued by Defendants. Defendants' arguments prevail.[4] I **FIND** Plaintiff's proposed amendment to add the Deputy Defendants is considered an addition of new parties. Because Plaintiff did not make a "mistake" within the meaning of Rule 15(c), I further **FIND** the proposed amended complaint does not relate back to the date the original complaint was filed. *See Reiner v. Canale*, 301 F. Supp. 3d 727, 737-38 (E.D.

---

[4] Moreover, Plaintiff does not dispute that he became aware of the Deputy Defendants' identities at least by April 25, 2022 [*see* Doc. 31 at Page ID # 130]. Yet, Plaintiff offers no explanation for his failure to pursue amendment of his complaint until four months later. While Plaintiff appears to fault Marion County for not responding to Ms. Cantrell's FOIA request, Defendants provided unrebutted proof that a response was provided [Doc. 34-5], and Plaintiff does not indicate he (or Ms. Cantrell) made any further FOIA efforts to uncover the identities of the Deputy Defendants.

5

Mich. 2018) (holding that "the weight of authority clearly favors the proposition, embodied in *Cox*, *Moore*, and *Clark*, that asserting claims against Doe defendants in an initial complaint will not later be found to be a 'mistake concerning the proper party's identity' under Rule 15(c)(1)(C)(ii)."). Accordingly, Plaintiff's attempt to add the Deputy Defendants to this lawsuit is untimely; and thus, futile.

## IV. CONCLUSION

For the reasons stated above, I **RECOMMEND**[5] that Plaintiff's motion to amend the complaint [Doc. 30] be **DENIED** as futile.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusory and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).